Armstrong *et al.* agt. Cummings and Ingersoll.

# N. Y. SUPREME COURT.

ETTA ARMSTRONG *et al.*, respondents, agt. HENRY M. CUMMINGS and CHARLES D. INGERSOLL, appellants.

*Summary proceedings for non-payment of rent — that furniture is embraced in the demise does not deprive the landlord of the summary remedy — What need not be stated in landlord's affidavit.*

The court will take judicial notice of the statutes creating the wards embraced within the jurisdiction of the several judicial district courts, and the fact that the premises are within the district of the justice who issues process in summary proceedings need not, therefore, be stated in the landlord's affidavit.

The fact that furniture is embraced in a demise of land does not deprive the landlord of the summary remedy furnished by the statute against tenants who fail to pay rent, or who hold over after the expiration of the term for which the premises were hired.

The rent issues out of the land and not out of the furniture, which is a mere incident of the demise.

*First Department, General Term, January,* 1880.

*Before* DAVIS, *P. J., and* BARRETT, *J.*

APPEAL from an injunction order restraining the defendant Ingersoll from issuing a warrant (in summary proceedings) to remove the plaintiff from certain premises, and restraining the defendant Cummings from taking any further steps to dispossess the plaintiff.

*George J. Pett,* for defendants, appellants.

*H. H. Morange,* for plaintiffs, respondents.

BARRETT, *J.* — The present injunction was granted on two grounds : First, that only the street and number, omitting the ward, was specified in the landlord's affidavit; second, that

furniture was included in the lease. At the outset, it is apparent that this question could and should properly have been raised by *certiorari*. The statute expressly forbids any court or officer, by any writ or order, from staying or suspending such proceedings. There is an exceedingly limited class of cases where, for fraud, surprise or undue advantage in the actual conduct of the proceedings, courts of equity have interfered. But the proceedings in the case at bar were entirely regular; the tenant had every proper opportunity of being heard, and the present action is simply an irregular attempt to review the rulings of the justice. It is insisted that the justice was without jurisdiction. If that were so, it should have been proved, as a matter of fact, that the premises were not situated in either the Nineteenth or the Twenty-second ward. The absence of an affirmative statement on that head in the landlord's affidavit is no ground for what, in substance if not in form, is a writ of prohibition. Overruled objections to the preliminary affidavit can only be reviewed by *certiorari*.

Where, in truth, the subject-matter is not within the justice's jurisdiction, that fact is the *gravamen* of the complaint, and should be affirmatively averred and established. It is proper however, to say that the courts will take judicial notice of the statutes creating these wards, and, doing so, we find the premises in question within their boundaries. What has been said upon the subject of jurisdiction applies equally to the point with regard to the furniture.

But we have no doubt of the correctness of the justice's ruling. Rent, as defined by *Bouvier* and other writers, is "A return or compensation for the possession of some corporeal inheritance, and is a profit issuing out of lands or tenements in return for their use" (*See, too, Hilliard on Real Property*, 227; *Co. Littleton*, 141; *G.*, 2 *Black*, 42, *note* 53, [*Wends. ed.*]).

The furniture was but an incident. As was said by BOCKES, J., in *Fay* agt. *Holloran* (35 *Barbour*, 297), "Rent cannot be reserved out of chattels personal. If such chattels are

demised with land at an entire rent, the rent issues out of the land only " (*See, also,* 2 *Platt on Leases, p.* 85; *Archibald Land. and Tenant, marg. p.* 106 ; *Newman* agt. *Anderton,* 2 *Bosanquet & P.New R.,* 224).

In the latter case it was held that the landlord is entitled to distrain for the rent of ready-furnished lodgings, MANSFIELD, C. J., observing that "it must occur constantly that the value of demised premises is increased by the goods upon the premises, and yet the rent reserved still continues to issue out of the house or land, and not out of the goods, for rent cannot issue out of goods. So the lessor may declare on the demise of the land or the house without noticing the goods" (2 *Platt on Leases, p.* 85, *and cases cited*).

Were this otherwise, the statute would be perfectly valueless. If fully furnished houses are not within its provisions neither are the partially furnished. And so on; whenever the slightest element of personalty enters into the rental the statute becomes inapplicable, *e. g.,* if gas-fixtures are included, or a portable heater, or portable wash-tubs. This contention proceeds upon the idea that where the rent of premises and the hiring of furniture are mingled, there can be no apportionment. The fallacy of this reasoning becomes apparent when we consider the legal quality of the rent, and the rule that it issues solely out of the land. There is, therefore, no question of apportionment, and, consequently, no such practical inconvenience as the plaintiff suggests.

Upon this latter branch of the case we have been assisted by, and have substantially followed and adopted, the manuscript opinion of Mr. justice McADAM, in the case of *Swigley* agt. *Jones* (*filed in the marine court, November* 2, 1878). If this opinion had been reported we would have contented ourselves with a simple reference to it.

The order appealed from should be reversed, with ten dollars costs and disbursements of the appeal, and the injunction dissolved.

DAVIS, P. J., concurred.

The opinion filed in the marine court November 2, 1878, and referred to by judge BARRETT, is as follows :